## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

VANESSA SALVA,
  Plaintiff,

v.                                                              Civil No. 04-2280 (HL)

EAGLE GLOBAL LOGISTICS,
  Defendant.

### OPINION AND ORDER

Plaintiff Vanessa Salva brings this diversity action against her employer Eagle Global Logistics, alleging failure to reinstate plaintiff to former position in violation of Puerto Rico's Workmen's Compensation Act, discrimination based on national origin in violation of Puerto Rico's Act 100, and retaliation for claiming workers compensation benefits in violation of Puerto Rico's Act 115.  Pending before the Court is Defendant's Motion for Summary Judgment.[1]  For the reasons set forth below, Defendant's Motion for Summary Judgment is granted in part and denied in part.

### STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the

---

[1]Dkt. No. 27.

2

truth at trial.  *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993).  A fact is material only if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.  See also Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

Once a party moves for summary judgment, it bears the initial burden.  Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once this threshold is met, the burden shifts to the nonmoving party.  The nonmovant may not rest on mere conclusory allegations or wholesale denials.  *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).  Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## BACKGROUND

The facts, viewed in the light most favorable to Plaintiff Vanessa Salva ("Salva"), are as follows: Salva began working at Eagle Global Logistics ("Eagle") in May 1999.  Salva received various promotions, and was promoted to the position of Export Supervisor in 2003, a salaried position with a cellular phone allowance.  On May 19, 2004, Salva filed a worker's compensation claim with the Puerto Rico State Insurance Fund and was subsequently placed on rest to receive treatment on May 20, 2004.

3

While Salva was on leave, Eagle underwent a structural reorganization.  As part of the company's reorganization, Eagle eliminated Salva's previous Export Supervisor position and created the Export Manger position, a position with greater duties and responsibilities, including preparing and analyzing financial reports, budgets, expense reports and forecasts for the department.   Eagle hired Sabrina Kowalski, a mainland American of Polish decent to fill the position of Export Manager.

Upon Salva's return to work in August 2004, she was notified that her former position as Export Supervisor had been eliminated.  Eagle Senior Vice President Keith Winters informed Salva, that while there were no supervisor positions available, the company could accommodate her.  Salva was eventually offered and accepted the position of a Domestic Specialist IV, working on the Hewlett Packard account.  The new position was an hourly position, although her salary remained unaffected for the most part.  As a result of the change in position, Salva lost her cellular phone allowance.  Since receiving State Insurance Fund benefits, Salva had applied to various managerial and supervisory positions that were posted in the Company, but was never selected to fill any of these openings.

**DISCUSSION**

*A.  Workmen's Compensation*

Puerto Rico's Workmen's Compensation Act provides an employer "shall be under the obligation to reserve the job filled by the laborer or employee at the time the accident occurred and to reinstate him therein, subject to the following conditions....(3) that said job still exists at the time the laborer or employee demands reinstatement. (The job shall be understood to exist when the same is vacant or being filled by another laborer or employee. The job shall be presumed vacant when the same was filled be another laborer or employee within thirty (30) days following the date in which the demand for reinstatement was made.)"  P.R. Laws Ann. tit. 11 § 7.   "Reinstatement and salaries are remedies that are only

4

available to employees who meet the three statutory requirements..." *Grillasca-Pietri v. Portorican American Broadcasting Co., Inc.*, 233 F.Supp.2d 256 , 265 (D.P.R. 2002).

It is uncontested that Salva reported to the State Insurance Fund on May 19, 2004 and that Salva was not reinstated to the same position. However, Salva is not entitled to remedies under Law 45 since her position as Export Supervisor was no longer in existence at the time of her reinstatement. In Salva's absence, her position was not filled by another Eagle employee. Instead, the Export Supervisor position had been eliminated and replaced with that of Export Manager, which had a heightened scope of responsibilities and duties. A comparison of the job descriptions and responsibilities illustrates that the new Export Manager position was a different position than Salva's previous Export Supervisor position. Consequently, the newly recruited Export Manager was not "filling" Salva's position for purposes of Law 45. Given no genuine issues of material fact, Defendant Eagle is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment with respect to plaintiff's Workmen's Compensation claim is granted.

## B. National Origin Discrimination

Salva's second claim against Eagle is one of national origin discrimination in violation of Puerto Rico's Law 100. P.R. Laws Ann. tit. 29 § 146. Specifically, Law 100 imposes liability on:

> [a]ny employer who discharges, lays off or discriminates against an employee regarding his/her salary, wage, pay, or remuneration, terms, rank, conditions or privileges of his/her job, or who fails to or refuses to hire or rehire a person, or who limits or classifies his/her employees in a way which tends to deprive a person of employment opportunities, or that affects his/her status as employee because of his/her age, as defined below, race, color, sex, social or national origin, social condition, political affiliation or political or religious ideology of the employee of applicant for employment...

P.R. Laws Ann. tit. 29 § 146. In order to establish a prima facie case of discrimination under Law 100, an employee must establish (1) that she suffered an adverse employment action, (2) that the adverse action taken against her lacked good cause, and (3) some basic fact substantiating the type of discrimination alleged. *See Hernandez v. Trans Oceanic Ins. Co.*, 151 D.P.R. 754, 774-775 (2000); *Morales v. Nationwide Insurance Co.*, 237 F.Supp.2d 147,

152 (D.P.R. 2002). If the employee establishes a her prima facie case, the statutory presumption of employer liability is triggered, and the employer must prove, by a preponderance of the evidence, that the adverse action "was not motivated by discriminatory animus." *Id.* An employer can rebut the presumption of liability by demonstrating "the existence of discrimination was less probable that its existence." *Morales*, 237 F.Supp.2d at 153. If the employer rebuts the presumption by a preponderance of evidence, the burden shifts back to the employee to prove the existence of discrimination. *Id.*

Assuming Salva can establish her initial minimal burden under Law 100, Eagle has presented sufficient evidence to show that reinstating Salva in the Domestic Specialist IV position after receiving treatment by the Puerto Rico State Insurance Fund was not motivated by discriminatory animus based on national origin. The closest approximation to evidence of national origin discrimination is the fact that Salva is Puerto Rican and the new Export Manager was Sabrina Kowalski, a mainland American of Polish decent. This fact is inconsequential in light of Eagle's legitimate reason for putting Salva in the new Domestic Specialist IV position: Salva's old position as Export Supervisor was no longer in existence. Therefore, Eagle has presented sufficient evidence to sustain its burden that its action was not motivated by discriminatory animus based on national origin. While Salva has presented evidence that she suffered changes in the conditions of her employment since she lost her cellular phone allowance and was changed from a salaried employee to an employee paid at an hourly rate, she has presented no other evidence of national origin discrimination. Accordingly, she has not sustained her evidentiary burden prescribed by Law 100 and Defendant's Motion for Summary Judgment is granted.

## C. Retaliation

Lastly, Salva claims she was retaliated against for taking leave and benefits under the Puerto Rico State Insurance Fund. Puerto Rico Law 115 prohibits employers from discriminating against employees in retaliation for engaging in protected activities. Specifically, Law 115 provides:

6

> (a) No employer may discharge, threaten or discriminate against an employee
> regarding the terms, conditions, compensation, location, benefits or privileges
> of the employment should the employee offer or attempt to offer, verbally or in
> writing, any testimony, expression or information before a legislative,
> administrative or judicial forum in Puerto Rico, when such expressions are not
> of defamatory character no constitute disclosure of privileged information
> established by law.

P.R. Laws Ann. tit. 29 § 194(a).  To establish a prima facie case of retaliation under Law 115, the employee must demonstrate that she engaged in a protected activity under Law 115 and that she was subsequently discharged, threatened or discriminated against regarding her employment.  *Id.* at §194(c).  If the employee establishes a prima facie case of retaliation, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action and if provided, the burden shifts back to the employee to demonstrate the employer's alleged reason was a mere pretext.  *Id.*

Applying these rules here, the Court must determine whether Salva has made a prima facie showing of retaliation.  Eagle concedes that reporting to the Puerto Rico State Insurance Fund and filing the complaint in the instant action satisfy the requirement of protected activity under Law 115.  Salva also has presented sufficient evidence to establish the second prong of her prima facie case.  First,  Salva's position as Export Supervisor was eliminated and subsumed by the new Export Manager position while she was on leave.  Furthermore, Salva applied for three different positions with Eagle since her return from leave and was not selected to fill any of these positions, despite her qualifications.  Accordingly, the Court finds that Salva has fulfilled her prima facie case for retaliation under Law 115.

Since Salva has established her prima facie case of retaliation, the burden then shifts to Eagle to articulate its legitimate non-retaliatory reasons for its employment decisions.  First, the company argues that it eliminated the position of Export Supervisor as a result of company reorganization, creating the position of Export Manager in its stead.   Eagle also maintains that individuals hired for the three positions to which Salva applied were more qualified than the plaintiff.  Given Eagle's articulated non-retaliatory reasons for its employment actions,  the burden shifts back to Salva to demonstrate that Eagle's alleged reasons are a mere pretext.

7

"Courts should exercise particular caution before granting summary judgment for employers on issues such a pretext, motive and intent." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 43, 55 (1st Cir. 2000).   Summary judgment, however, is not automatically precluded in cases where motive and intent are at issue. *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 167 (1st Cir. 1998). "If the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation, summary judgment may be appropriate even where intent is at issue." *Id.*   Here, Salva has produced more than conclusory allegations and unsupported speculation.  On May 20, 2004, Salva was placed on leave by the State Insurance Fund to receive treatment.  During the same month, the company underwent a structural reorganization which eliminated Salva's Export Supervisor position, creating a different Export Manager position.  By eliminating Salva's old position, Eagle would not be obligated to reserve Salva's position as required by Puerto Rico's Workmen's Compensation law.  *See* P.R. Laws Ann. tit. 29 § 146.  Additionally, the close temporal proximity between Salva's leave and the elimination of her position creates a reasonable inference of retaliation.  The aforementioned evidence us sufficient to create a genuine issue of material fact as to whether Eagle's articulated legitimate non-retaliatory reasons were merely pretext.  Accordingly, Defendant's motion for summary judgment with respect to Savla's Law 115 claim is denied.

**CONCLUSION**

8

**WHEREFORE,** the Defendant's Motion for Summary Judgment is granted in part and denied in part.  Defendant's Motion for Summary Judgment with respect to Salva's Workmen's Compensation claim under Law 45 and national origin discrimination claim under Law 100 is granted.  Defendant's Motion for Summary Judgment for Plaintiff's retaliation claims under Law 115 is denied.



**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 18, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge